[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13629

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANGEL RICHIEZ,
a.k.a. Junior,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20505-FAM-1

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Angel Richiez appeals his 151-month sentence for conspiracy to import five or more kilograms of cocaine. Richiez asserts that his sentence is procedurally unreasonable because the district failed to adequately consider the 18 U.S.C. § 3553(a) factors as they specifically related to his case. He also contends that his sentence at the high end of the guideline range is substantively unreasonable because the district court placed too much weight on his flight from the country while awaiting sentencing, while failing to give credence to his arguments in mitigation.

## I

We review an unpreserved procedural-reasonableness challenge for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under plain-error review, we will only correct an otherwise forfeited error when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018).

A sentence is procedurally unreasonable if the district court fails to consider the § 3553(a) factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). Although the district court must

consider the § 3553(a) factors, it need not state on the record that it has explicitly considered each of the factors or discuss each in detail. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Instead, an acknowledgment by the district court that it considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). We will uphold a district court's sentence if the "record showed that the judge listened to the evidence and arguments and was aware of the various factors the defendant put forward for a lesser sentence." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*) (citing *Rita v. United States*, 551 U.S. 338, 358 (2007)).

A district court's sentence is also procedurally unreasonable if the court failed to adequately explain the chosen sentence. *Trailer*, 827 F.3d at 936. A district court, however, is not "required to articulate [its] findings and reasoning with great detail or in any detail for that matter." *Irey*, 612 F.3d at 1195. Even if the district court fails to articulate explicitly that it has considered the § 3553(a) factors, we will affirm the sentence if the record indicates that the court did, in fact, consider a number of the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). The lower court should provide enough detail to demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decision-making authority. *Rita*, 551 U.S. at 356, 358. So long as the context and record can clarify the court's reasoning, a lengthy explanation is not necessarily required when the district court applies the Guidelines, as the circumstances may

make clear that the decision rested on the Commission's own determination that a sentence within the Guidelines was reasonable. *Id.* at 356–57, 359.

Here, Richiez cannot show that the district court erred, much less plainly erred, by failing to consider the § 3553(a) factors. The district court acknowledged § 3553(a) multiple times during sentencing when it stated that it must determine whether it must consider the § 3553(a) factors in deciding what sentence to impose and that a sentence at the low end of the guideline range was not reasonable under § 3553(a). *Turner*, 474 F.3d at 1281. Further, the court explained that it determined that a sentence at the bottom of the guideline range was unreasonable "after having heard from all parties," which demonstrates "that the judge listened to the evidence and arguments and was aware of the various factors the defendant put forward for a lesser sentence." *Irey*, 612 F.3d at 1195.

Additionally, although the district court did not recite the § 3553(a) factors by name, the record shows that it considered several of them. *Dorman*, 488 F.3d at 944. The court heard and rejected Richiez's argument about the conditions of incarceration during the pandemic. Moreover, the court relied on Richiez's conduct in the drug trafficking organization and his subsequent flight, which reflected the court's consideration of the nature and circumstances of the offense, and it observed that a sentence at the bottom of the guideline range would not adequately reflect the seriousness of the offense or adequately reflect Congress's and the Sentencing Commission's intent to punish those who traffic certain amounts

of drugs and who obstruct justice. Finally, as the sentence imposed was within the guideline range, the court was not required to give a lengthy explanation, over and above its acknowledgment of Richiez's mitigation arguments at sentencing and its consideration of the § 3553(a) factors. *Rita*, 551 U.S. at 356.

In short, Richiez contends that his sentence is procedurally unreasonable because the district court failed to analyze each of the § 3553(a) factors with specific regard to his case, but our precedent does not require the district court to review each factor with specificity. *Kuhlman*, 711 F.3d at 1326. The district court's reference to the § 3553(a) factors and consideration of several of them was sufficient. Accordingly, Richiez has failed to meet his burden of showing the district court's sentence was procedurally unreasonable under plain-error review.

## II

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard while considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189 (quotation marks omitted). We will remand for resentencing only when we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by

arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted).

When determining its sentence, the district court must consider (1) the nature and circumstances of the offense and the defendant's history and characteristics, (2) the need for the sentence to reflect the seriousness of the offense, to deter criminal conduct, to protect the public, and to provide the defendant with training and treatment, (3) the kinds of sentences available, (4) the Sentencing Guidelines, (5) any pertinent public policy statement, (6) the need to avoid disparate sentences, and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

We afford the sentencing court broad discretion to consider and weigh the proper sentencing factors as it deems appropriate, including placing significant weight on one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254, 1273 (11th Cir. 2015). However, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

In support of an argument that his sentence fails to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct, the appellant must show that he is similarly situated to the defendants to whom he compares himself. *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). "There can be no unwarranted sentencing disparities among codefendants who are not similarly situated." *United States*

*v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015) (quotation marks omitted).

Under an abuse-of-discretion review, we will affirm any sentence that falls within the range of reasonable sentences, even if we believe a different sentence may be more appropriate. *Irey*, 612 F.3d at 1191. We do not apply a presumption of reasonableness to sentences within the guideline range, but we ordinarily expect such a sentence to be reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Here, Richiez has not shown that his sentence is substantively unreasonable. First, the district court did not unjustifiably rely on Richiez's flight to the exclusion of other factors. It had broad discretion to weigh the § 3553(a) factors as it deemed appropriate. *Rosales-Bruno*, 789 F.3d at 1254, 1273. The district court was well within its discretion to place significant weight on the characteristics and nature of Richiez's initial offense—namely, operating as part of a drug trafficking organization—as well as his subsequent conduct in fleeing the United States while awaiting sentencing.

The district court also considered other factors. For example, the court considered Richiez's suggestion that he was being punished more than his codefendants, reflecting the need to avoid unwarranted sentencing disparities, and explained that the codefendants were not, in fact, similarly situated, because they did not choose to flee. The court also considered and rejected Richiez's argument that it should consider the prison restrictions during the

pandemic as a mitigating factor. Finally, the court considered the intent of Congress and the Sentencing Commission in setting the statutory penalties and guideline range "to punish people who deal in 30 kilograms of cocaine and who flee." Given the quantity of drugs involved and Richiez's flight before sentencing, Richiez has not shown that the district court committed a clear error of judgment in weighing these factors to determine that a sentence at the high end of the guideline range was appropriate. *Irey*, 612 F.3d at 1189.

Richiez's argument regarding the consideration of Richiez's prior conviction for possession of burglary tools also fails. While the court mistakenly referred to the conviction as one for burglary instead of possession of burglary tools, the court mentioned the prior conviction only as a potential justification for sentencing Richiez above the guideline range, which it then said it was not going to do. Because the district court did not impose a sentence outside the guideline range based on this prior conviction, Richiez is unable to show that the district court gave significant weight to an improper factor. *Irey*, 612 F.3d at 1189.

Finally, Richiez's argument regarding sentencing disparities, made only in passing, also fails. As explained in *Azmat*, there can be no unwarranted sentencing disparities among codefendants who are not similarly situated. 805 F.3d at 1048. Here, although Richiez also pleaded guilty and engaged in conduct of similar culpability as his codefendants, he was not similarly situated to his codefendants because they did not flee. Thus, Richiez's passing

9                          Opinion of the Court                      21-13629

reference to a § 3553(a)(6) argument fails, as he has not shown that he and his codefendants were similarly situated.

In sum, because Richiez has not shown that the district court abused its discretion in imposing a 151-month sentence at the top end of the guideline range, we affirm.

**AFFIRMED.**